[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13033

Non-Argument Calendar

_____

PERSONNA WALKER,

Plaintiff-Appellant,

*versus*

WESLEY PEACH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cv-00067-HL

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Personna Walker filed an employment-discrimination suit. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court dismissed the complaint as frivolous. Proceeding *pro se*, Walker appeals.

We review the court's screening determination that the complaint is frivolous for an abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Although *pro se* pleadings are to be liberally construed and held to a less stringent standard than counseled pleadings, *id.*, "issues not briefed on appeal by a *pro se* litigant are [still] deemed abandoned," *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant abandons an issue by failing to "plainly and prominently" raise it in her opening brief to us. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). An appellant also abandons an issue when she makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Id.* at 681–83.

Even liberally construed, Walker's brief fails to "plainly and prominently" raise any issues for appeal and does so, at best, only

22-13033                Opinion of the Court                3

"perfuctor[ily]."  The "Argument" section of her brief comprises two pages listing four legal principles[1] and three other sentences.[2]

Their application to Walker's case is not readily apparent. We must conclude, therefore, that Walker has not properly raised any issues for us to decide.

**AFFIRMED.**

---

[1] The brief quotes or paraphrases: (1) a discrimination treatise discussing the availability of equitable tolling, (2) a case stating that principle, *see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984), (3) a regulation allowing the EEOC to assist complainants even after sending a right-to-sue notice, 29 C.F.R. § 1601.28, and (4) a Georgia statute describing when its statute of limitation begins running, Ga. Code Ann. § 9-3-96.

[2] The first sentence says: "In this instance, the ruling was determined without full consideration of the law."  Br. of Appellant at 4.  The final two sentences read: "As a result, the judge tolling was based upon the complaint; not on the right to sue letter issued by the EEOC.  Dismissing the complaint with failure to state a claim and the defendant is immune from relief."  *Id.* at 5.